### SMITH v. BURDITT.

(Supreme Court, Appellate Division, Third Department. September 13, 1905.)

1. CONTRACTS—CONSIDERATION.
   A promise by an owner, made to a subcontractor after completing his work under his contract with the principal contractor, that he would not make further payments to the principal contractor until the latter furnished receipted bills for all labor, is without consideration.

2. STATUTE OF FRAUDS—PROMISE TO PAY THE DEBT OF ANOTHER.
   An oral agreement by an owner to pay for the work and materials furnished by a subcontractor in the construction of a building, in case the principal contractor neglected to do so, is void within the statute of frauds.

   [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 16–20.]

3. PLEADING—CAUSE OF ACTION—RECOVERY ON ANOTHER CAUSE OF ACTION.
   Where, in an action against an owner for work and labor furnished by a subcontractor, the complaint alleged that the owner promised to pay the subcontractor if the principal contractor failed to do so, there can be no recovery on the theory that the owner became the principal debtor of the subcontractor.

   Chester and Houghton, JJ., dissenting.

Appeal from Trial Term, Otsego County.

Action by John C. Smith against William D. Burditt. From an order denying a motion to set aside a verdict for plaintiff and for a new trial, made on the minutes of the court, defendant appeals. Reversed.

The defendant entered into a contract with one Ryan to furnish the materials and perform the work in erecting and completing a dwelling upon a lot owned by the defendant. The plaintiff furnished certain mason materials and performed certain mason work upon said dwelling, and one McEwen furnished certain plumbing and tinning materials, and performed certain plumbing and tinning work upon said dwelling. The claim of said McEwen for materials and work was before the commencement of this action assigned to the plaintiff. In the first cause of action in the complaint it is alleged that said Ryan requested the plaintiff "to furnish the necessary cement and other materials, and work, labor, and services, for the masonry work of the said dwelling house to be erected on the said lot of the defendant, and promised and agreed to pay this plaintiff therefor a fair and reasonable price in compensation." It is further therein alleged that thereafter the plaintiff entered into an agreement with the defendant, by the terms of which "the plaintiff agreed to furnish the cement and other materials, and necessary work, labor, and services, in doing the masonry work for said dwelling house about to be erected on defendant's said lot, at a fair and reasonable price and compensation therefor, and the defendant promised and agreed, if this plaintiff would do so, he would not pay the said Andrew J. Ryan any more money on his said contract with him until the plaintiff was paid, and after the completion of the furnishing of the said materials, and work, labor, and services, for the masonry of said dwelling house, the plaintiff would obtain an order from the said Andrew J. Ryan for the payment of the amount of the same, and that the defendant would accept and pay the amount of such order to this plaintiff, and the defendant promised and agreed to pay this plaintiff the fair and reasonable value of the materials, and of the labor in doing the said masonry work, if the said Andrew J. Ryan failed or neglected to do so." In the second cause of action it is alleged that Ryan requested McEwen to furnish the materials and perform the work connected with the plumbing and tinning of said dwelling, and that thereafter the defendant entered into an agreement with McEwen, the language of the said second cause of action being substantially the same as quoted from the first cause of action, in alleging the agreement with the plaintiff. The complaint further alleges the failure of the defendant to perform the agreements as stated, and asks judgment for the amount claimed to be due the plaintiff on the contract with him, and also on the contract with McEwen assigned to him.

On the trial of the action plaintiff testified to a conversation with Ryan in regard to furnishing the materials and performing the mason work in said dwelling, and he further testified that within two or three days thereafter he saw the defendant and had a conversation with him as follows: "I said to Mr. Burditt that Mr. Ryan had requested me to do work on that house that he was going to build for him, furnish material, and do the work by the day, and that, if I did it, I should look to him for my pay, and he should pay it. Mr. Burditt said that he would see that I was paid for the work and material, and also said that he was glad I was going to do the work, for he thought he would get a good job; and I told him that whenever this man Ryan paid me my money I would notify him of the amount and when he paid it, and if I got an order on Ryan for him to pay he said he would pay that, and I went on. He said he would see it was paid." The plaintiff further testified that "after he had furnished the material and finished the plastering he said to the defendant that my bill was about so much. I think about $300, something like that at that time, after I had got the bulk of the work done, and he said, 'All right; I won't give Mr. Ryan any more money until he fetches me a receipted bill for all labor or materials furnished on the job,' and in a very few days after this Ryan came to me and gave me $150, and said Mr. Burditt had given him $300." McEwen testified that he had a talk with Ryan about doing the plumbing and tinning work, and he further testified: "I went up with my men to lay out the work at the building. * * *

I said: 'Mr. Burditt, I don't know anything about this man Ryan.' * * * I said: 'If I do this work, I shall look to you for my money.' He said: 'Well, I think Mr. Ryan is all right. I think he is honest.' I said: 'That may be Mr. Burditt. I don't know anything about him, and if I do this work I shall look to you for my money.' He said: 'That is all right, you keep me posted, and you will get your money, and I will see you are paid.'" The defendant denies the testimony of the plaintiff and McEwen as above quoted. Plaintiff and McEwen, after their alleged talks with the defendant, respectively, furnished the materials and performed the work as alleged in the complaint, charging the same to Ryan. Payments were made to each by Ryan, but not in full. This action was tried before the court with a jury, and the jury found a verdict for the plaintiff. A motion was made to set aside the verdict, and from the order denying the same this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

James W. Tucker, for appellant.
Albert C. Tennant, for respondent.

CHASE, J. The defendant insists that the complaint does not state facts sufficient to constitute a cause of action; but I will assume for the purpose of this opinion that the complaint sets forth a good cause of action, and also that the testimony of the plaintiff and that of McEwen is true. The conversation which the plaintiff testifies that he had with the defendant, in which defendant said that he would not give Ryan any more money until he (Ryan) furnished a receipted bill for all labor and materials on the job, was before plaintiff had an assignment of McEwen's claim, and no similar conversation is shown to have taken place with McEwen. Plaintiff cannot recover, even for the work done and materials furnished by him, by reason of such conversation, because it did not take place until after the work was performed and the materials were furnished, and there was therefore no consideration for an executory promise to pay therefor.

The complaint in part alleges in terms an agreement by the defendant to pay for the work and materials furnished by the plaintiff and by McEwen, "if the said Andrew J. Ryan failed or neglected to do so." Such a promise cannot be enforced by reason of the statute of frauds. A further allegation of the complaint is the alleged promise by the defendant, a person interested in having the work done and materials furnished, that he would not pay Ryan any more money on his contract until the plaintiff and McEwen, respectively, were paid. Plaintiff wholly failed to sustain such allegation on the trial. A further allegation of the first cause of action of the complaint is the alleged promise by the defendant that, if plaintiff would obtain an order from Ryan, he would accept and pay the same. The jury were not asked to consider the evidence of plaintiff as to defendant's promise to pay an order if he obtained one from Ryan. The evidence quoted was received after the defendant's repeated specific objections that it was not within the pleadings, and the jury were in substance directed to find whether the defendant had become the principal debtor to the plaintiff and to McEwen for the work performed and materials furnished by them, respectively. The plaintiff has recovered upon causes of action not only not alleged

in the complaint, but in direct opposition to the express allegation of the complaint that the defendant promised to pay Ryan's debts if he failed to do so.

We think the order should be reversed, and a new trial granted, with costs to the plaintiff to abide the event. All concur, except CHESTER and HOUGHTON, JJ., who dissent.